UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARTHOLOMEW A. ROSELLI,

                Plaintiff,

v.

SENECA PARK ZOO SOCIETY, INC.,

                Defendant.
_____

**ANSWER TO PLAINTIFF'S COMPLAINT**

Civil Action No.:
6:18-cv-06647-CJS

Defendant Seneca Park Zoo Society, Inc. ("Defendant"), by and through its attorneys, Boylan Code LLP, as and for its Answer to Plaintiff Bartholomew A. Roselli's ("Plaintiff) Complaint, responds as follows:

### NATURE OF ACTION

1. Defendant admits that Plaintiff brings this action under the referenced statutes, but, except as so admitted, denies that Plaintiff is entitled to any relief thereunder and otherwise denies the remainder of the allegations contained in paragraph "1" of Plaintiff's Complaint.

### JURISDICTION AND VENUE

2. Defendant admits that Plaintiff purports to assert that this Court has jurisdiction over the facts and claims alleged, but, except as so admitted, denies the remainder of the allegations contained in paragraph "2" of Plaintiff's Complaint.

3. Defendant admits that Plaintiff purports to assert that this Court has jurisdiction over the facts and claims alleged, but, except as so admitted, denies the remainder of the allegations contained in paragraph "3" of Plaintiff's Complaint.

4. The allegations in paragraph "4" of Plaintiff's Complaint set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

## PARTIES

**A.   DEFENDANT**

5. Defendant admits the allegations contained in paragraph "5" of Plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph "6" of Plaintiff's Complaint.

**B.   PLAINTIFF**

7. Defendant admits the allegations contained in paragraph "7" of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of Plaintiff's Complaint, and therefore denies the same.

9. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of Plaintiff's Complaint, and therefore denies the same.

10. Defendant admits the allegations contained in paragraph "10" of Plaintiff's Complaint.

11. Defendant denies the allegations contained in paragraph "11" of Plaintiff's Complaint.

12. Defendant denies the allegations contained in the first sentence of paragraph "12" of Plaintiff's Complaint. To the extent the remainder of the allegations contained therein refer to the terms of Plaintiff's performance evaluations, those documents speak for themselves and require no response.

13. With respect to the allegations contained in paragraph "13" of Plaintiff's Complaint, Defendant admits that it identified areas of improvement for Plaintiff's performance, and further avers that it did so in an attempt(s) to correct his long-standing job performance issues. Defendant denies the remaining allegations contained therein.

14. Defendant denies the allegations contained in paragraph "14" of Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph "15" of Plaintiff's Complaint.

16. Defendant denies the allegations contained in paragraph "16" of Plaintiff's Complaint.

17. Defendant denies the allegations contained in the first sentence of paragraph "17" of Plaintiff's Complaint, and avers that Defendant restructured its Education Department, which included, among other things, splitting off the Conservation and Programming team into its own separate department, the main reason being that Plaintiff was a poor manager and incapable of overseeing multiple different programs, as is evidenced by his multiple negative performance evaluations. Defendant admits the allegations contained in the second sentence of paragraph "17", and further avers that Plaintiff's new title/role was an attempt by Defendant to, among other things, focus Plaintiff on formal education programs) and visitor studies, areas in which Plaintiff

had expressed interest and received training, with the hope that his poor performance might eventually improve.

18. Defendant denies the allegations contained in the first and second sentences of paragraph "18" of Plaintiff's Complaint. With respect to the allegations contained in the third sentence of paragraph "18", Defendant admits that it assigned Tom Snyder to be its Director of Programming and Conservation Action, but, except as so admitted, denies that such assignment was done for discriminatory or retaliatory reasons and otherwise denies the remainder of the allegations contained therein.

19. Defendant denies the allegations contained in paragraph "19" of Plaintiff's Complaint, and avers that Defendant provided Plaintiff with numerous software training opportunities, just as it did with all employees, but Plaintiff himself failed to take advantage of those opportunities.

20. With respect to the allegations contained in paragraph "20" of Plaintiff's Complaint, Defendant admits that Ms. Reed Sanchez sent Plaintiff an email on July 24, 2017. To the extent the remainder of the allegations contained therein refer to the terms of the July 24, 2017 email, that document speaks for itself and requires no response.

21. Defendant denies the allegations contained in the first sentence of paragraph "21" of Plaintiff's Complaint. To the extent the allegations contained in the second and third sentences of paragraph "21" refer to the terms of the July 24, 2017 email and Plaintiff's own emails, those documents speaks for themselves and require no response.

22. Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph "22" of

Plaintiff's Complaint, and therefore denies the same. Defendant denies the allegations contained in the second and fourth sentences of paragraph "22" of Plaintiff's Complaint, and admits the allegations contained in the third sentence.

23. With respect to the allegations contained in paragraph "23" of Plaintiff's Complaint, Defendant admits that Plaintiff sent an email to Ms. Reed Sanchez on July 26, 2017. To the extent the remainder of the allegations contained in paragraph "23" refer to the terms of the July 26, 2017 email, that document speaks for itself and requires no response.

24. Defendant admits the allegations contained in paragraph "24" of Plaintiff's Complaint, and avers that Plaintiff's inability to improve his performance and refusal to agree to a resignation in lieu of termination left Defendant with no choice but to immediately terminate Plaintiff's employment.

25. Defendant denies the allegations contained in paragraph "25" of Plaintiff's Complaint, and avers that performance improvement plans ("PIPs") are an optional management tool most often used by senior level managers and are not mandated by any policy of Defendant.

26. Defendant denies the allegations contained in paragraph "26" of Plaintiff's Complaint.

27. With respect to the allegations contained in paragraph "27" of Plaintiff's Complaint, Defendant admits that it met with Plaintiff following his termination, and avers that it did so in order to investigate his complaint of discrimination, which it ultimately found to be without merit. Defendant denies the remaining allegations contained therein.

28. Defendant denies the allegations contained in paragraph "28" of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph "29" of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30" of Plaintiff's Complaint.

*Division Issues Probable Cause Determination*

31. With respect to the allegations contained in paragraph "31" of Plaintiff's Complaint, Defendant admits that plaintiff filed a charge of discrimination and retaliation with the New York State Division of Human Rights ("NYSDHR") and contemporaneously with the Equal Employment Opportunity Commission ("EEOC") on or about August 18, 2017, but, except as so admitted, denies that Plaintiff was the subject of age discrimination or retaliation.

32. With respect to the allegations contained in paragraph "32" of Plaintiff's Complaint, Defendant admits that it responded to Plaintiff's Complaint. To the extent the remainder of the allegations contained in paragraph "32" refer to the terms of the Response and/or its exhibits, those documents speak for themselves and require no response.

33. With respect to the allegations contained in paragraph "33" of Plaintiff's Complaint, Defendant admits that the NYSDHR issued its Determination After Investigation on February 5, 2018. To the extent the remainder of the allegations contained in paragraph "33" refer to the terms of the Determination After Investigation, that document speaks for itself and requires no response.

34. With respect to the allegations contained in paragraph "34" of Plaintiff's Complaint, Defendant admits that the EEOC issued Plaintiff a Notice of Right to Sue on or about June 25, 2018. To the extent the remainder of the allegations contained in paragraph "34" refer to the terms of the Notice of Right to Sue, that document speaks for itself and requires no response.

## FIRST CAUSE OF ACTION

### Age Discrimination Employment Act – Age Discrimination

35. With respect to the allegations contained in paragraph "35" of Plaintiff's Complaint, Defendant repeats and reasserts its corresponding responses as if fully set forth herein.

36. Defendant denies the allegations contained in paragraph "36" of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### *Retaliation in Violation of Age Discrimination in Employment Act*

37. With respect to the allegations contained in paragraph "37" of Plaintiff's Complaint, Defendant repeats and reasserts its corresponding responses as if fully set forth herein.

38. Defendant denies the allegations contained in paragraph "38" of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### *New York State Human Rights Law – Age Discrimination*

39. With respect to the allegations contained in paragraph "39" of Plaintiff's Complaint, Defendant repeats and reasserts its corresponding responses as if fully set forth herein.

40. Defendant denies the allegations contained in paragraph "40" of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### *New York State Human Rights Law – Age Discrimination*

41. With respect to the allegations contained in paragraph "41" of Plaintiff's Complaint, Defendant repeats and reasserts its corresponding responses as if fully set forth herein.

42. Defendant denies the allegations contained in paragraph "42" of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. The Complaint should be dismissed as the employment decisions involving or affecting Plaintiff were based upon legitimate business reasons, supported by good cause, and were not motivated by unlawful discrimination or retaliation.

45. Specifically, Defendant terminated Plaintiff due to his long-standing job performance issues that spanned over the course of eight and a half years and under the supervision of two different executive directors

46. From almost the beginning of his employment with Defendant, and continuing through and until his termination on July 26, 2017, Plaintiff received a myriad of criticisms and negative performance appraisals from his supervisors related to, among other things, his persistent failure to meet deadlines, poor management skills, and many other performance-based issues.

47. In fact, Plaintiff's personnel file is replete with contemporaneous documentation (e.g., formal and informal performance appraisals, verbal and written warnings, a probationary letter/memorandum, etc.) buttressing these and other failures and insufficiencies in his performance.

48. Despite these efforts by Defendant to identify, address and correct Plaintiff's poor work performance, they were met by nothing but Plaintiff's resistance to change and additional performance-based issues.

49. As a result, Plaintiff left Defendant with no choice but to terminate his employment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. The Plaintiff's claims of age discrimination should be dismissed to the extent that the relevant decision-makers with respect to Plaintiff's employment are members of the same protected class as the Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and/or properly correct any alleged discriminatory or retaliatory conduct, and Plaintiff unreasonably failed to take advantage of corrective opportunities provided by Defendant or to avoid harm otherwise.

52. Specifically, Defendant has an "Equal Employment Opportunity" policy in its Employee Handbook that prohibits discrimination in employment opportunities or practices on account of "any status protected under applicable law including, but not limited to, race, color, gender, age, marital status, disability, religion, citizenship, national origin, military status, sexual orientation, genetic predisposition or carrier status."

53. In addition, Defendant's Non-Harassment Policy similarly forbids harassment and discrimination by and towards any of its employees, and includes a specific procedure for reporting any such incidents of harassing or discriminatory conduct, instructing employees to report any alleged violations to Defendant's Associate Director or any other member of management. This policy further states that "[a]dverse action will not be taken against an employee who in good faith reports or participates in the investigation of this policy."

54. On or about January 24, 2013, Plaintiff signed an acknowledgement of having received and read these policies. Notably, Plaintiff's Non-Harassment Policy Acknowledge form specifically states that: "I acknowledge that this day the Seneca Park Zoo Society has reviewed with me its policies regarding non-harassment . . . and that I fully understand my obligations and responsibilities as outlined therein including, but not

limited to, the reporting procedures to be followed in the event I or any other employee is subject to harassment . . . ."

55. However, and notwithstanding Plaintiff's expressed familiarity with the Non- Harassment Policy and the reporting requirements set forth therein, Plaintiff never complained to HR, the Associate Director, or anyone else employed by Defendant (or even to any members of its Board of Trustees) that he was subjected to or witnessed age discrimination during his eight (8) year employment with Defendant.

56. As a result, Defendant first became aware of Plaintiff's claim of age discrimination only after Ms. Reed Sanchez told him he was being terminated due to his poor work performance.

57. Nevertheless, Defendant still investigated Plaintiff's claim and found it to be without any merit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiff has a legal obligation to mitigate his claimed damages and to the extent he has not used reasonable diligence to seek or obtain other employment and otherwise mitigate his damages, his claims for damages are barred.

59. In addition, to the extent that Plaintiff has received interim income and benefits from other sources and to the extent that his alleged injuries and losses have been paid, replaced or indemnified, in whole or in part, from collateral sources, or with reasonable certainty will likely be paid, replaced or indemnified in the future from such collateral sources, the same should be offset against any damages, if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff is not entitled to punitive damages or attorneys' fees with respect to his New York State Human Rights Law claims.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

61.     Plaintiff's claim(s) for ADEA-based compensatory, punitive and emotional distress damages must dismissed because such damages are not available under that statute.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

62.     Plaintiff's claims for liquidated damages are barred in whole, or in part, by the fact that Defendant has at all times acted in good faith compliance with applicable law.  In addition, Defendant has neither intentionally nor willfully violated Plaintiff's rights in any manner, nor acted with reckless disregard to Plaintiff or his employment in any respect.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

63.     Plaintiff's claims for emotional distress are barred, in whole or in part, by the exclusivity provisions of Sections 10 and 11 of the New York State Workers' Compensation Law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

64.     Plaintiff's claims are barred by the applicable statute of limitations, and/or to the extent he failed to satisfy all conditions precedent and/or statutory prerequisites to fling a civil action.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

65.     Plaintiff's claims are barred to the extent that they are based upon allegations that are outside the scope of the underlying charge that was filed with the NYSDHR and EEOC.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

66.  Upon information and belief, Plaintiff's claims are barred under the doctrines of waiver, estoppel, and "unclean hands".

WHEREFORE, Defendant Seneca Park Zoo Society, Inc. requests the Court enter judgment as follows:

A.  Dismissing Plaintiff's claims in their entirety; and

B.  Granting Defendant reasonable attorneys' fees, costs and disbursements in defending this action; and

C.  Such other and further relief as the Court may deem just, equitable and proper.

Dated: October 1, 2018

BOYLAN CODE LLP
Attorneys for Defendant
*Seneca Park Zoo Society*
/s/     Scott M. Mooney
Scott M. Mooney, Esq.
The Culver Road Armory
145 Culver Road, Suite 100
Rochester, New York 14620
(585) 232-5300
smooney@boylancode.com

TO:  CORDELLO LAW PLLC
Justin M. Cordello, Esq.
Attorneys for Plaintiff
*Bartholomew A. Roselli*
95 Allens Creek Road
Building 2, Suite 215
Rochester, New York 14618
(585) 857-9684
justin@cordellolaw.com